PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ADOLFO NEGRÓN, Defendant and Appellant.

No. 3107. Argued February 8, 1927.—Decided June 9, 1927.

814

*Angel A. Vázquez* for the appellant. *José E. Figueras* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Adolfo Negrón was charged with the crime of keeping and offering for sale as in good condition adulterated milk.

The District Court of Mayagüez where the case was tried sentenced the defendant to five days in jail and payment of the costs. The defendant appealed to this court and assigned as errors the insufficiency of the evidence and the want of jurisdiction of the trial court.

We have examined the evidence and in our opinion it is sufficient. The milk was seized in the Mayagüez railway station. The samples taken showed that the milk was greatly adulterated. It arrived in two cans with a note from the defendant addressed to C. Rodríguez of Mayagüez asking him to remit at once the value of the milk. Rodríguez was in the station and there received the milk.

The question of jurisdiction is thus raised: "The court did not acquire jurisdiction for failure to show the place where the crime was committed."

The information charges that the defendant kept and offered for sale adulterated cow's milk in the Mayagüez railway station. We have referred to the result of the evidence. The milk was seized in the station. There is not the least doubt that the milk was sold and sent by the defendant to the purchaser who was waiting for it, nor that it was greatly adulterated.

The appellant invokes the jurisprudence established in the case of *People* v. *Nogueras*, 23 P.R.R. 309, as follows:

"When a person is charged with selling or offering for sale adulterated milk as pure milk and it is shown that the offender adulterated and sold the milk in the district where he resided and shipped it by rail directly to the purchaser residing in another district, the offense must be held to have been committed in the district in which the milk was adulterated and sold—that is, in the district where the vendor resides."

On the strength thereof the appellant alleges that it can not be held that the Mayagüez railway station is the place which established the jurisdiction of the offense and as the place of residence of the defendant had not been shown, the place of the crime was not shown and, therefore, it does not appear that the court had jurisdiction.

The facts in the *Nogueras Case* might be shown to be different from those in this case; but admitting them to be the same and that the rule therein established should be followed here, it is clear that the evidence showed the place of residence of the defendant. The prosecution proved that the milk came from a place known as La Plata, but the defense completed it by supplying the information that the residence of the defendant was the ward of Machuchal of Sabana Grande. As Sabana Grande forms a part of the judicial district of Mayagüez, the jurisdiction of the court of that district is evident.

The judgment appealed from must be affirmed.